IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL STEEL                                                                                    PLAINTIFF

v.                                          CIVIL NO. 21-cv-2105

KILOLO KIJAKAZI,[1] Acting Commissioner                           DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Michael Steel, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background**

Plaintiff protectively filed his applications for DIB and SSI on January 22, 2018. (Tr. 15). In his applications, Plaintiff alleged disability beginning on November 9, 2017, due to congestive heart failure. (Tr. 15, 307). An administrative hearing was held before the Honorable Clifford Shilling on September 30, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 15, 41–66). A second administrative hearing was held before the Honorable David Engel on August

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

27, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 67–94). A vocational expert (VE) also testified.

On October 23, 3030, the ALJ issued an unfavorable decision. (Tr. 12-34).  The ALJ found that during the relevant time period, Plaintiff had only one impairment that was severe: chronic heart failure status-post cardiomyopathy. (Tr. 21–22). The ALJ found Plaintiff suffered from the medically determinable mental impairments of depressive, bipolar and related disorders, anxiety, and obsessive-compulsive disorders but that these were non-severe impairments. After reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22–24). The ALJ made the following RFC finding:

> With respect to lifting, carrying, pushing, and pulling, he is limited to 10 pounds occasionally, 5-9 pounds frequently, and only 3 pounds lifting overhead is required. With respect to walking or standing, he is limited to 2 hours (combined total) of an 8-hour workday, with regular work breaks. He is able to sit for 6 hours (combined total) of an 8-hour workday, with regular work breaks. He is able to climb ramps or stairs only occasionally, is able to stoop, crouch, and crawl not more than occasionally, and is unable to climb ropes, ladders, and scaffolds, or work in environments where he would be exposed to unprotected heights and dangerous moving machinery parts or environments where he would be exposed to extremes of temperature (less than 50 degrees Fahrenheit or more than 90 degrees Fahrenheit). He is able to understand, remember, and carry out only simple instructions in a work-related setting [secondary to distractibility due to pain, fatigue, and side effects of medication], and is able to interact with co-workers and supervisors under routine [industry standard] supervision. He is afflicted with symptoms from a variety of sources to include moderate chronic pain and fatigue as well as depression and anxiety and allied mental disorders, all variously described, that are of sufficient severity so as to be noticeable to him at all times, yet is able to remain attentive and responsive and perform work assignments within the above-cited limitations.
> (Tr. 24–32).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform his past relevant work, but would be able to perform the representative occupations of clerical sorter, filler, or assembly worker. (Tr. 32–33). The ALJ found Plaintiff was not disabled from November 9, 2017, through the date of his decision.  (34).

Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on April 6, 2021. (Tr. 1–5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 16).

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but is enough that a reasonable mind could accept as adequate to support a conclusion. *Ponder v. Colvin*, 770 F.3d 1190, 1193-94 (8th Cir. 2014). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964,966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F. 3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted for at least one year and that prevents him from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423 (d)(3), 1382(3)(C).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing the claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given Plaintiff's age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final step is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R § 404.1520. While the burden of production shifts to the Commissioner at step five, the burden of persuasion to prove disability and to demonstrate RFC both remain with the claimant. *Stormo v. Barnhart*, 377 F. 3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").

**III.   Discussion**

Plaintiff raises the following issues on appeal: 1) whether the ALJ erred in failing to find Plaintiff's mental impairments to be severe; and 2) whether the ALJ erred in the RFC determination by omitting the full range of Plaintiff's mental and physical limitations, and in regard to his evaluation of the medical opinion evidence. (ECF No. 15).

The ALJ considered Plaintiff's depressive, bipolar and related disorders, anxiety, and obsessive-compulsive disorders at step two, but did not consider his schizotypal personality disorder. (Tr. 21). The ALJ analyzed Plaintiff's limitations in four broad functional areas, citing exclusively to Plaintiff's function report from February 6, 2017, and found Plaintiff had no or mild

limitations in each of the four areas. (Tr. 21–22). This reliance upon one function report early on in the relevant time period is concerning, especially in light of the medical records showing Plaintiff had poor insight into the seriousness of his mental condition — even on the day when he attempted to remove his own pacemaker. (Tr.1154–59).

While it is not reversible error to fail to find an impairment severe at step two, so long as said impairment is considered in the RFC assessment, failure to find an impairment severe at step two, and then failing to consider the effect of the impairment on Plaintiff's RFC is reversible error. *See Misty G. v. Berryhill*, 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019); *Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then failing to consider the effect of her back pain in combination with her other severe impairments was reversible error). In this case, the ALJ did not ameliorate the issues at step two with thorough analysis in the RFC. The ALJ does not appear to have considered Plaintiff's periods of psychosis, writing that it was unclear from the medical records that he had been provided with any medication to address any form of psychosis. (Tr. 29–30). Plaintiff discussed medication with his mental health provider, and delayed beginning medication because of his heart procedure in April of 2018. (Tr. 798–800). The record reflects Plaintiff was prescribed an antipsychotic, quetiapine, in October of 2019. (Tr. 1147, 1152).

The ALJ did not consider Plaintiff's hospitalization from May 30, 2019, through June 4, 2019, after Plaintiff presented at Baptist Health with a cut on his chest and reported he had tried to remove his pacemaker after drinking too much beer. (Tr. 912–1020). Despite asserting that he had done this under the influence of alcohol, his blood alcohol levels were low, and his drug screen was clear. (Tr. 916). During his hospitalization, he was observed to be responding to internal

stimuli and speaking to himself during group therapy. (Tr. 984). Plaintiff's six-day mental health hospitalization was not discussed by the ALJ at any point in the decision.

Further, the ALJ discounted the opinion of mental consultative examiner, Samuel Hester, Ph.D., giving weight only to the opinions of DDS psychologists Sherry Simon, Ph.D., and Jon Mourot, Ph.D. (Tr. 30–31). Dr. Simon offered her opinion on May 11, 2018, and Dr. Mourot offered his opinion on August 7, 2018, meaning both of these opinions were offered before Plaintiff's inpatient hospitalization and without the benefit of nearly two years of additional medical records. (Tr. 103, 140). The Court believes remand is necessary for the ALJ to consider all of Plaintiff's mental health impairments, and to more fully and fairly develop the record regarding Plaintiff's RFC.

On remand, the ALJ is directed to address interrogatories to a qualified mental health expert requesting that said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV.     Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 26th day of May 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE